IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-mc-63-SKC

**In re: Department of Justice Administrative Subpoena No. 25-1431-030**

**REPLY IN SUPPORT OF CHILDREN'S HOSPITAL COLORADO'S MOTION TO RESTRICT**

3069258

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................... 1

II. ARGUMENT ....................................................................................................... 3

    A. Children's Hospital has identified real and substantial interests justifying restriction. ................................................................................. 3

    B. The DOJ's reliance on § 3486 is misplaced. ............................................ 5

III. CONCLUSION ................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In Re: Admin. Subpoena No. 25-1431-019,*
  2025 WL 2607784 (D. Mass. Sept. 9, 2025) ............................................................ 1

*Globe Newspaper Co. v. Sup. Ct. for Norfolk Cty.,*
  457 U.S. 596 (1982) ................................................................................................ 4

*Harte v. Burns,*
  No. 13-2586-JWL, 2020 WL 1888823 (D. Kan. Apr. 16, 2020) .............................. 4

*Mann v. Boatright,*
  477 F.3d 1140 (10th Cir. 2007) ............................................................................... 3

*United States v. Harris,*
  890 F.3d 480 (4th Cir. 2018) ................................................................................... 4

*United States v. McVeigh,*
  119 F.3d 806 (10th Cir. 1997) ................................................................................. 3

**Statutes**

18 U.S.C. § 3486 ........................................................................................... 2, 5, 6

3069258

I.  INTRODUCTION

The government concedes that it has served a sweeping Subpoena—seeking the identity and records of every patient that received puberty blockers or hormones through the TRUE Center, the complete personnel files of hundreds of employees, and virtually every internal and external communication relating to gender-affirming treatment, to name a few—despite lacking any suspicion or evidence of wrongdoing by anyone at Children's Hospital, and in furtherance of Executive Orders designed to end gender-affirming care and found to be motivated by discriminatory animus.  Children's Hospital has moved to quash the Subpoena in full—a result the District of Massachusetts concluded was appropriate when assessing an identical subpoena on a similar record, *see In Re: Admin. Subpoena No. 25-1431-019*, 2025 WL 2607784 (D. Mass. Sept. 9, 2025)—and seeks to maintain the confidentiality of these proceedings, at least until the Court assesses the Subpoena's propriety.

The government claims in response that Children's Hospital has not identified a "serious injury" capable of justifying sealing at this juncture, Dkt. 9 ("Opp.") at 2, and asserts that Children's Hospital is seeking restriction because "the United States is seeking information related to CHC's provision of medical interventions to minors[.]"  *Id.* at 6.

But these claims overlook Children's Hospital's arguments.  As Children's Hospital noted, there are two bases for maintaining Level 1 restriction over this

1

3069258

matter, both of which are supported by the record. First, confidentiality is necessary to protect the privacy of Children's Hospital's patients and personnel and to avoid exacerbating the fear and disruption the Subpoena has already provoked amongst the Children's Hospital community. Second, confidentiality is necessary to ensure the safety of Children's Hospital's facilities, patients, and personnel. The government simply ignores the declaration of David Brumbaugh, the Chief Medical Officer at Children's Hospital, *see* Dkt. 1-15 ("Brumbaugh Decl."), which details "first-hand evidence" of fear within the TRUE Center's patient population and "factual evidence" of the possibility of violence if the details of this proceeding were to become public. *Id.* at 5–6. The government doesn't dispute that the privacy and safety risks are tangible. And, accordingly, restriction is the only way to protect the Children's Hospital community until the propriety of the Subpoena can be adjudicated.

Separately, the government argues that restriction is not expressly authorized by 18 U.S.C. § 3486. But that argument is meritless. The statute's silence as to restriction does not reflect Congress' intent to ensure that all proceedings conducted pursuant to Section 3486 be made public in their entirety immediately from the outset regardless of the safety or privacy risks. For these reasons, and those set forth in Children's Hospital's opening brief, this Court should maintain Level 1 restriction as requested in the Motion.

2

## II. ARGUMENT

### A. Children's Hospital has identified real and substantial interests justifying restriction.

The government does not dispute that the common-law right of access to judicial records "is not absolute," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007), and can be outweighed by privacy or safety interests which favor nondisclosure, *see United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997); *see also* Opp. at 2–3. Nor does the government rebut in any way Children's Hospital's evidentiary submission. Instead, the government suggests Children's Hospital failed to articulate any "real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *See id.* at 4. And the government notes that the Subpoena does not call for the production of personal medical information to be published publicly in this Court. *Id.*

These arguments miss the mark. First, the government is simply ignoring the bases for sealing articulated in Children's Hospital's motion: (1) "to protect the privacy of Children's Hospital's patients and personnel and to avoid exacerbating the fear and disruption the Subpoena has already provoked amongst the Children's Hospital community," Dkt. 2 ("Mot.") at 2; and (2) "to ensure the safety of Children's Hospital's facilities, patients, and personnel." *Id.* at 3. Children's Hospital is not arguing that this proceeding should be *sealed* to prevent the disclosure of medical records *themselves* (although it certainly contends there is no lawful basis to require

3

the production of such records). Moreover, Children's Hospital's has set forth the bases for its requests in the Brumbaugh Declaration.

As to the privacy interests at stake and the orderly operation of the hospital, Dr. Brumbaugh provides a detailed account of how public disclosure of the scope and details of the investigation would impact the TRUE Center's patient and provider community, including by eroding the trust that is foundational to the patient-provider relationship, deterring future patients from seeking critical care, and needlessly exacerbating the already tangible fear and panic that doctors and patients are experiencing. *See, e.g.*, Brumbaugh Decl. ¶¶ 27–36. The government does not meaningfully address Children's Hospital's argument that disclosing the details of the Subpoena will "work a clearly defined and serious injury' to [] minor[s]" by further dissuading them from obtaining needed care. *See Harte v. Burns*, No. 13-2586-JWL, 2020 WL 1888823, at *2 (D. Kan. Apr. 16, 2020) (quoting *United States v. Walker*, 761 F. App'x 822, 834 (10th Cir. 2019)). And the government has no response to authority indicating that sealing is appropriate to protect psychological well-being. *See Globe Newspaper Co. v. Sup. Ct. for Norfolk Cty.*, 457 U.S. 596, 607 (1982) ("[S]afeguarding the physical and psychological wellbeing of a minor [] is a compelling [interest.]"); *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) ("[A]n interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access.").

As to the safety interests at stake, Dr. Brumbaugh attests that Children's Hospital's patients are worried about their physical safety and explains that further disclosure of the details of the investigation could cause transgender patients to be further stigmatized, targeted, and victimized by those who do not support the transgender community. *See, e.g.*, Brumbaugh Decl. ¶¶ 32–33, 35. He also notes that several hospitals have received threats of violence in connection with their provision of gender-affirming care. *Id.* ¶ 35. The government doesn't seriously contest any of this, claiming only that the fears are speculative. But the possibility of physical attacks on Children's Hospital and its community are far from hypothetical—and, as the government must concede, would become only more tangible through full disclosure of the details of this investigation and Children's Hospital's decision to challenge the Administration by moving to quash the Subpoena.

In short, Children's Hospital has articulated and substantiated a "clearly defined and serious injury that would result if access is not restricted[.]" D.C.COLO.LCivR 7.2(c)(3).

### B. The DOJ's reliance on § 3486 is misplaced.

In the alternative, the government contends that restriction is improper because it is not expressly authorized by 18 U.S.C. § 3486, and that statute generally prohibits the government from using or sharing protected health information about a patient for use against that patient in any event. *See* Opp. at 7–9.

5

These arguments fail. Children's Hospital, as discussed, does not seek restriction on the ground that medical records themselves will be displayed improperly by the government. And the fact that Section 3486 is silent as to sealing does not in any way mandate that a motion to quash a HIPAA subpoena must be publicly available in its entirety at the outset. Restriction in these circumstances is supported by the caselaw invoked in Children's Hospital's motion and contemplated by the Local Rules. Those bases render sealing appropriate.

### III.     CONCLUSION

For the foregoing reasons and those set forth in Children's Hospital's motion, the Court should maintain Level 1 restriction over this proceeding in its entirety, at least until it has had the opportunity to adjudicate the propriety of the government's Subpoena.

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which caused the foregoing to be sent to:

Ross Scott Goldstein
U.S. Department of Justice
450 Fifth Street NW
Liberty Square Building
Suite 6400
Washington, DC 20001
202-353-4218
Fax: 202-514-8742
Email: ross.goldstein@usdoj.gov

Scott B. Dahlquist
U.S. Department of Justice
PO Box 386
Washington, DC 20044
202-532-4602
Email: scott.b.dahlquist@usdoj.gov

Respectfully submitted,

**Date**: September 12, 2025          */s/ Cody Gray*
                                      Cody Gray