# EXHIBIT B

**Dahlquist, Scott B.**

| | |
|---|---|
| **From:** | Cody Gray <CGray@keker.com> |
| **Sent:** | Friday, October 10, 2025 5:07 PM |
| **To:** | Dahlquist, Scott B.; Elliot Peters; Aseem Mehta; Katherine S. Folly |
| **Cc:** | Campbell, Jordan C (CIV); Goldstein, Ross; Gunn, David L.; Runkle, Patrick; Scott, Steven R. |
| **Subject:** | [EXTERNAL] RE: Children's Hospital Colorado |

Scott,

It was nice speaking with you and your colleague this afternoon. As we discussed, I am writing to memorialize Children's Hospital's opposition to the government's proposal to file a motion for leave to file a sur-reply. We respectfully request that the government include a copy of this email as an exhibit with any upcoming filing it makes. *See* Judge Crews' Standing Order for Civil Cases, Section C(1) ("If your motion is opposed by the other side, your Certification of Conferral in the motion must substantively describe your conferral efforts and must state the reason given by opposing counsel or the opposing party for opposing the motion."). Please confirm that the government will do so.

We understand the government intends to file a motion for leave to file a sur-reply addressing a September 9, 2025 order issued in *In Re: Admin. Subpoena No. 25-1431-019*, 2025 WL 2607784 (D. Mass. Sept. 9, 2025), which was discussed in the reply brief we filed on September 12, 2025. We also understand that the government intends to submit with its motion for leave additional evidence and argument in opposition to Children's Hospital's motion to quash, including a new declaration from your director (presumably, Ms. Hsiao), who already submitted a declaration in this matter, Dkt. 10-1.

As we explained on today's call, the government's proposal to submit additional evidence and arguments after Children's Hospital's motion to quash has already been fully briefed and submitted for decision is improper. The District of Colorado's Local Rules do not permit further submissions at this juncture. *See* D.C.COLO.LCivR 7.1(d), (e). The government's proposed submission is an untimely end-run around the government's response deadline, which lapsed six weeks ago. *See* Civ. Practice Standard 6.1A(d). And the government's submission of supplemental arguments in response to the Motion is an improper attempt to exceed the page limitations on the government's response. *See* Civ. Practice Standard 10.1(c)(1).

Courts in this District regularly reject similar attempts to file untimely evidence and argument, particularly where, as here, the government is attempting to change the evidentiary record and arguments it submitted in opposition to Children's Hospital's motion. *See, e.g., Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305, 1309 (D. Colo. 2005) ("Indeed, the late filing of the Motion for Discovery suggests -- as do the [party's] filing of sur-replies and supplements that the [party's] counsel is constantly seeking to refine theories or present new arguments. The Court will not brook arguments presented in an evolving or piecemeal fashion."); *Stransky v. HealthONE of Denver, Inc*., No. 11-CV-02888-WJM-MJW, 2012 WL 6548108, at *3 (D. Colo. Dec. 14, 2012) ("Plaintiffs' Motion improperly submits new evidence, new arguments, and a new theory of liability in support of their Motion . . Plaintiffs' Motion to Supplement is an additional and improper sur-reply on the Motion"); *see also Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019).

The District of Colorado's local rules also make clear that any attempt to manipulate the orderly process of motion practice to gain an advantage is inappropriate.  *See* D.C.COLO.LCivR 7.1(i); *see also* Judge Crews' Standing Order for Civil Cases Section A(2).  The government, as you know, has already availed itself of its right to respond to Children's Hospital's motion.  And we note that the government has now waited approximately a **month** from the date our reply brief was filed to seek leave to file a sur-reply with new evidence and arguments supposedly related to an opinion that it has known about since September 9, 2025.

For at least these reasons, the government's proposed filing is improper.  Lastly, as you know, we requested that the government file its motion if at all on Monday or Tuesday next week.  We understand and appreciate that the government is not able to do so.  We expect to file a response to the government's motion in a timely manner, likely after this upcoming holiday weekend.

Best,
Cody

---

**Cody Gray**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8815 direct | 415 391 5400 main
cgray@keker.com | vcard | keker.com
He/him/his

---

**From:** Cody Gray <CGray@keker.com>
**Sent:** Thursday, October 9, 2025 9:06 PM
**To:** Dahlquist, Scott B. <Scott.B.Dahlquist@usdoj.gov>; Elliot Peters <EPeters@keker.com>; Aseem Mehta <AMehta@keker.com>; Katherine S. Folly <KFolly@keker.com>
**Cc:** Campbell, Jordan C (CIV) <Jordan.C.Campbell@usdoj.gov>; Goldstein, Ross <Ross.Goldstein@usdoj.gov>; Gunn, David L. <David.L.Gunn@usdoj.gov>; Runkle, Patrick <Patrick.R.Runkle@usdoj.gov>; Scott, Steven R. <Steven.R.Scott@usdoj.gov>
**Subject:** RE: Children's Hospital Colorado

Thanks, Scott.  I just sent the invite.  Talk to you tomorrow.

Best,
Cody

---

**Cody Gray**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8815 direct | 415 391 5400 main
cgray@keker.com | vcard | keker.com
He/him/his