# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 25-mc-63-SKC-CYC

**In re: Department of Justice Administrative Subpoena No. 25-1431-030**

**CHILDREN'S HOSPITAL COLORADO'S OPPOSITION TO THE UNITED STATES' MOTION FOR LEAVE TO FILE A SURREPLY**

3159388

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In Re: Admin. Subpoena No. 25-1431-019*,
    No. 1:25-mc-91324-MJJ, 2025 WL 2607784 (D. Mass. Sept. 9, 2025)...........*passim*

*Carlson v. Colorado Ctr. for Reprod. Med., LLC*,
    341 F.R.D. 266 (D. Colo. 2022)................................................................................ 2

*Chung v. El Paso Sch. Dist. #11*,
    No. 14-CV-01520-KLM, 2015 WL 871032 (D. Colo. Feb. 26, 2015) ........................ 4

*Collins v. BAC Home Loans Servicing LP*,
    912 F. Supp. 2d 997 (D. Colo. 2012)..................................................................... 6, 8

*Geiger v. Chubb Indem. Ins. Co.*,
    No. 23-CV-01080-PAB-KAS, 2024 WL 814539 (D. Colo. Feb. 27,
    2024)....................................................................................................................... 3, 5

*Hooks v. Ward*,
    184 F.3d 1206 (10th Cir. 1999) ................................................................................ 10

*Hopes v. Collins*,
    No. 08-CV-00934 BNB, 2008 WL 2396276 (D. Colo. May 28, 2008) ...................... 7

*In re Sealed Case (Admin. Subpoena)*,
    42 F.3d 1412 (D.C. Cir. 1994) ............................................................................... 3, 8

*Stender v. Archstone-Smith Operating Tr.*,
    No. 07-CV-02503-WJM-MJW, 2014 WL 5152002 (D. Colo. Oct. 14,
    2014)....................................................................................................................... 5, 6

*Stransky v. HealthONE of Denver, Inc.*,
    No. 11-CV-02888-WJM-MJW, 2012 WL 6548108 (D. Colo. Dec. 14,
    2012)........................................................................................................................... 9

*United States v. Balanced Fin. Mgmt., Inc.*,
    769 F.2d 1440 (10th Cir. 1985) .................................................................................. 8

*United States v. Morton Salt Co.*,
    338 U.S. 632 (1950) ................................................................................................... 8

*United States v. Powell,*
   379 U.S. 48 (1964) .............................................................................................. 3

*United States v. Skrmetti,*
   145 S.Ct. 1816 (2025) ........................................................................................ 8

*Vaughn v. Krehbiel,*
   367 F. Supp. 2d 1305 (D. Colo. 2005).................................................................. 9

*Well Master Corp. v. Flowco Prod. Sols., LLC,*
   No. 21-CV-02145-CMA-KAS, 2023 WL 6808140 (D. Colo. Oct. 16,
   2023)............................................................................................................ 2, 4

**INTRODUCTION**

This past Friday—four weeks after briefing closed on Children's Hospital's motion to quash—the United States sought leave to file a 13-page surreply and new 21-page declaration claiming it needs an opportunity to respond to a case Children's Hospital cited in its reply brief in which the District of Massachusetts quashed an identical subpoena the government issued to Boston Children's Hospital. *See In Re: Admin. Subpoena No. 25-1431-019,* No. 1:25-mc-91324-MJJ, 2025 WL 2607784 (D. Mass. Sept. 9, 2025) ("BCH Order"). This request should be denied for multiple reasons. Children's Hospital's reply did not present any "new legal argument" that could warrant a surreply, as the government claims. Rather, it cited the BCH Order to support its argument from the opening brief that the Subpoena should be quashed because it lacks a proper purpose. The motion for leave and proposed surreply also improperly seek to inject new "evidence" into the proceeding, are untimely, evade the government's page limitations, contravene the Court's formatting requirements, and, at bottom, constitute a transparent effort to alter the strategy and substance of the government's opposition, which was filed seven weeks ago. The government is seeking to use a surreply to put a new opposition brief and declaration before the Court, likely because the arguments it pursued in this matter were unsuccessful in Massachusetts and it fears the same result here. But the government is bound by the same rules as any other litigant in this Court, rules that ensure fairness and guarantee that the Court's valuable resources won't be

squandered on litigation positions that change after a motion is submitted. Nothing prevented the government from making these submissions weeks ago. The Federal Rules of Civil Procedure and Local Rules preclude the government's brazen claim of the right to another bite at the apple. The motion is improper and should be denied.

**ARGUMENT**

This Court should deny the government's motion for leave to file a surreply for at least six reasons.

**First**, the Federal Rules of Civil Procedure and District of Colorado's Local Rules do not permit the proposed surreply. Children's Hospital filed its Motion to Quash on August 8, 2025. Dkt. 1. The government responded on August 29th, and Children's Hospital replied on September 12th. Dkts. 10, 16. No further briefing on this matter is authorized. *See* D.C.COLO.LCivR 7.1(d), (e) (describing procedures and requirements of motions, responses, and replies); *Carlson v. Colorado Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 276 (D. Colo. 2022) ("Neither the Federal Rules of Civil Procedure nor this District's Local Rules of Civil Practice allow for surreplies as a matter of right.").

Moreover, "[c]ourts in this district generally disfavor sur-replies" and, "consequently, permit them only in exceptional circumstances[.]" *Well Master Corp. v. Flowco Prod. Sols., LLC*, No. 21-CV-02145-CMA-KAS, 2023 WL 6808140, at *1 (D. Colo. Oct. 16, 2023). There are no such exceptional circumstances here. The government claims a surreply is necessary to address a "new legal argument[,]"

2
3159388

Dkt. 18 at 2—the BCH Order—which was issued after the government's response and was cited in Children's Hospital's reply.  But that citation does not reflect the advancement of a "new legal argument," as the government claims.  Indeed, Children's Hospital cited the BCH Order to support its argument from the opening brief that the Subpoena should be quashed because it lacks a proper purpose.  *See* Dkt. 1 at 9-12 (arguing the subpoena lacks a proper purpose); Dkt. 16 at 1, 3, 5 (citing BCH Order in support of argument that subpoena lacks a proper purpose).[1] And, as a matter of law, citation in a reply brief to a new case supporting an argument previously raised and applying the same authorities cited in the underlying motion does not constitute a "new legal argument" that could necessitate a surreply.  *Geiger v. Chubb Indem. Ins. Co.*, No. 23-CV-01080-PAB-KAS, 2024 WL 814539, at *5 n.6 (D. Colo. Feb. 27, 2024) ("[C]iting new cases to support legal theories already raised in a motion is permissible and does not warrant a surreply.") (internal quotation marks and citation omitted).

Nor is it true, as the government posits, that the government "had no reason to anticipate, much less to meet" the "articulable suspicion" standard discussed in the BCH Order.  Dkt. 18-1 at 7.  Children's Hospital raised that issue in its opening

---

[1] The BCH Order applies the same authority that Children's Hospital cited in its opening brief to assess the propriety of the government's purpose.  *Compare* Dkt. 1 at 9-12 (arguing the government's subpoena should be quashed pursuant to *United States v. Powell*, 379 U.S. 48, 58 (1964) and *In re Sealed Case (Admin. Subpoena)*, 42 F.3d 1412, 1420 (D.C. Cir. 1994) *with* BCH Order at *5-7 (applying *Powell* and *In re Sealed Case* to purpose analysis).

3

brief, Dkt. 1 at 9, and the government expressly responded to it in its original opposition, Dkt. 10 at 3 (arguing "'Articulable Suspicion' Is Not a Requirement").

The government makes no further effort to identify a "new legal argument" that could warrant a surreply. *See* Dkt. 18 at 3 (vaguely asserting that the government must have an "an opportunity to respond to [Children's Hospital's] arguments related to the BCH Order"). Consequently, the government fails to demonstrate "exceptional circumstances" warranting a surreply. *See, e.g., Well Master Corp.*, 2023 WL 6808140, at *1 ("Plaintiff claims the need to sur-reply based on a legal argument that Defendant never made. . . The reply simply does not contain the sweeping argument that Plaintiff imputes to Defendant.").

**Second**, the proposed surreply improperly attempts to inject new "evidence" into this proceeding. Though you would not know it from the government's motion for leave, *see* Dkt. 18 (omitting mention of new evidence), the government seeks to submit with its surreply a new 21-page declaration as additional evidence in opposition to the motion to quash. *See* Dkt. 18-1, Ex. 3. The government makes no attempt to justify this extraordinary request, and it is entirely unfounded given that Children's Hospital did not submit any new evidence in its reply brief. *See, e.g., Chung v. El Paso Sch. Dist. #11*, No. 14-CV-01520-KLM, 2015 WL 871032, at *1 (D. Colo. Feb. 26, 2015) ("Plaintiff's proposed Sur–Reply does not respond to any new material raised by Defendant in the Reply.").

Nor does the government attempt to argue that the information contained in this new declaration was unavailable when the government submitted its original opposition. *See Stender v. Archstone-Smith Operating Tr.*, No. 07-CV-02503-WJM-MJW, 2014 WL 5152002, at *4 (D. Colo. Oct. 14, 2014) (denying filing of surreply and noting the movant's submission "is not based on newly discovered fact"). And in fact, the new 21-page declaration is from *the very same declarant* who already submitted a declaration in support of the government's response. *See* Dkt. 10-1 (Hsiao Decl.); Dkt. 18-1, Ex. 3 (Hsiao Decl.). Without justification, in other words, the government is seeking to replace Ms. Hsiao's earlier-filed two-page declaration with a new declaration that is more than *ten times* the length. *Compare* Dkt. 10-1 *with* Dkt. 18-1, Ex. 3. The government cannot use a surreply as cover to introduce spurious new material in a futile effort to rescue its inadequate previous submission. *Geiger*, 2024 WL 814539, at *5 n.6 (denying request to file surreply because "proposed sur-reply goes well beyond its stated purpose" "and raises new arguments" that the party "had the opportunity raise. . . in her response but failed to do so.").

**Third**, the proposed surreply is an improper end-run around the government's response deadline, which lapsed six weeks earlier. *See* Dkt. 1 (motion filed on Aug. 8, 2025); D.C.COLO.LCivR 7.1(d) (requiring responses to be filed 21 days after the filing of a motion). There is no reason why the government could not have made the submissions and arguments it proposes to make now as part of its

5

3159388

August 29th opposition.  *See Stender*, 2014 WL 5152002, at *4 (denying request to file surreply and noting that "Plaintiffs are attempting to put forth a new legal argument that was known or should have been known to them at the time of their earlier filings.").  The government, in effect, is seeking a six-week extension on its response deadline in violation of this Court's procedures.  *See* Civ. Practice Standards 6.1A(d).  And worse, the government unjustifiably waited nearly *four weeks* after briefing closed to even raise its intent to request leave to file a surreply.  *See* Dkt. 16 (reply filed on September 12, 2025); Dkt. 18-2 (government reached out regarding surreply during the week of October 6, 2025).

**Fourth**, the proposed surreply is an improper attempt to exceed the government's page limitations.  *See* Civ. Practice Standards 10.1(c)(1) (limiting response brief to 15 pages and reply brief to 10 pages).  The government already submitted a 12-page opposition.  Dkt. 10.  Now, it wants to file an even longer (13-page) de-facto opposition under the guise of a "surreply."  *See* Dkt. 18-1.[2]  Moreover, the original opposition and proposed "surreply" combined amount to 25 pages, exceeding the 15-page opposition-brief page limit.  Civ. Practice Standards 10.1(c)(1).  And the proposed "surreply" *on its own* exceeds the 10-page limitation on reply briefs.  *Id.*  This blatant non-compliance alone requires denial of the motion.  *See, e.g., Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1008 (D.

---

[2] The proposed surreply disregards this Court's formatting requirements, including by using a narrower margin than permitted.  *See infra.*  Accordingly, the true length of the proposed surreply is longer than 13 pages.

6

Colo. 2012) ("Plaintiff attempted to amend his response after briefing was complete by submitting an 'Amended and Supplemental Verified Response,' an accompanying motion for leave to amend, and an accompanying motion for leave to exceed this district's usual page limit. The court denied those motions. . . on the basis that they constituted a surreply").

**Fifth**, the proposed surreply and exhibits contravene this Court's formatting requirements. Briefs presented for filing with this Court must use margins of "1½ inches at the top[,]" D.C.COLO.LCivR 10.1(c), and use "Century Schoolbook 12-point font," Judge Crews' Standing Order for Civil Cases, Section C(3). "[E]ach exhibit" must also be "submitted to ECF as a separate ECF attachment[.]" D.C.COLO.ECF.Civ.Proc. 4.8(c). The government's proposed submissions violate each of these rules. *See* Dkt. 18-1, Exs. 1-3. And in this District, deficient submissions like these can be summarily disregarded, particularly when filed by sophisticated litigants like the federal government. *Cf. Hopes v. Collins*, No. 08-CV-00934 BNB, 2008 WL 2396276, at *1 (D. Colo. May 28, 2008) (admonishing incarcerated, pro se petitioner that "filings that fail to comply with D.C.COLO.LCivR 10.1 will not be considered by the Court.").

These formatting violations also betray the government's improper intentions. Upon comparison, the proposed surreply appears to be a copy-and-paste job from the government's filing in the District of Massachusetts seeking to set aside the BCH Order. In fact, the proposed surreply even retains language directed

to the judge in the District of Massachusetts and requesting reconsideration of the BCH Order. *See, e.g.*, Dkt. 18-1, Ex. A at 11 ("The Court should revise its opinion and find that the Government meets the standard."). The government's recycling of materials submitted in the BCH litigation makes clear that the government is improperly seeking to insert into this litigation new arguments and evidence that it filed *just days earlier* in its motion to alter judgment in Massachusetts. *See id.*, Ex. 2 (government motion in BCH filed on Oct. 7, 2025).

**Sixth**, the proposed surreply and new evidentiary submission reflect an improper attempt to manipulate the orderly process of motion practice to gain an unfair advantage. The government already availed itself of its right to respond to Children's Hospital's motion and repeats in its proposed surreply many of the same arguments already contained in its opposition. *See* Dkt. 10 at 2-5, 7-8 (arguing the subpoena is enforceable and discussing *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985), *In re Sealed Case*, 42 F.3d 1412, *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950) and *United States v. Skrmetti*, 145 S.Ct. 1816 (2025)); Dkt. 18-1, Ex. A at 2, 5, 6, 11 (same).

This unjustified repetition evince an inappropriate attempt to continue the briefing so that the government can get the last word. *See Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1008–09 (D. Colo. 2012) ("Defendant [] raised the issue. . . in its original Motion, not for the first time in a reply. Therefore, Plaintiff had ample opportunity to respond to that argument. . . [I]f Plaintiff's

8

submissions were accepted. . . Defendant [] would be required to draft and file a replacement reply to Plaintiff's replacement response. The court is already aware of the parties' arguments without never-ending re-drafting."). And the submission of "redundant" material in this manner is so disfavored in this District that it "may be grounds for sanctions." *See* D.C.COLO.LCivR 7.1(i).

\* \* \*

In sum, for at least these half-a-dozen reasons, the Court should deny the government's request for leave to file a surreply. The federal and local rules bar the government's submission. And the improper conduct here is transparent. The government is seeking to file a new 13-page opposition (exceeding the length of its original brief) and new 21-page declaration (from the same declarant it used before) four weeks after briefing closed in this matter because it fears the Subpoena will be quashed and it wants a "do-over." But the government cannot use a "surreply" to circumvent the rules and improperly supplement the record weeks after briefing has closed. *See, e.g., Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305, 1309 (D. Colo. 2005) ("[T]he [party's] filing of sur-replies and supplements" suggest "that the [party's] counsel is constantly seeking to refine theories or present new arguments. The Court will not brook arguments presented in an evolving or piecemeal fashion."); *Stransky v. HealthONE of Denver, Inc.*, No. 11-CV-02888-WJM-MJW, 2012 WL 6548108, at \*3 (D. Colo. Dec. 14, 2012) ("Plaintiffs' Motion improperly submits new evidence, new arguments, and a new theory of liability in support of their Motion . .

9

Plaintiffs' Motion to Supplement is an additional and improper sur-reply on the Motion"); *see also Hooks v. Ward*, 184 F.3d 1206, 1233 n.25 (10th Cir. 1999) ("arguments not raised in duly filed briefs are deemed waived").

Leave should be denied. If, however, the Court elects to grant leave and permit the government to file its surreply and new declaration, Children's Hospital respectfully requests the opportunity to respond to both submissions with its own submissions of at least equal length.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, and separately emailed the same to counsel for the United States at:

Ross Scott Goldstein
U.S. Department of Justice
450 Fifth Street NW
Liberty Square Building
Suite 6400
Washington, DC 20001
202-353-4218
Fax: 202-514-8742
Email: ross.goldstein@usdoj.gov

Scott B. Dahlquist
U.S. Department of Justice
PO Box 386
Washington, DC 20044
202-532-4602
Email: scott.b.dahlquist@usdoj.gov

Respectfully submitted,

**Date**: October 17, 2025                     */s/ Aseem Mehta*
                                               Aseem Mehta