IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-mc-00063-SKC-CYC

IN RE: DEPARTMENT OF JUSTICE ADMINISTRATIVE SUBPOENA No. 25-1431-030

---

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY**

---

The Government respectfully files this Reply in Support of its motion to file a surreply. The filing of a surreply in this district requires leave of the Court. The filing of a surreply is permitted, where, as here, new materials are submitted for the first time in a reply that rob the non-moving part of an opportunity to respond. *See Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000).

**Argument**

The Government filed its initial Opposition to Children's Hospital Colorado ("CHC") on August 29, 2025. On September 9, 2025, a U.S. District Court for the District of Massachusetts, issued an order quashing a subpoena with the same specifications at issue as the subpoena issued to CHC. *See In Re: Admin. Subpoena No. 25-1431-019,* No. 1:25-mc-91324-MJJ, 2025 WL 2607784 (D. Mass. Sept. 9, 2025) ("BCH Order"). In its Reply filed on September 12, 2025, CHC cited the BCH

1

Order five times across its introduction and leading two arguments to newly argue that this Court should apply the same logic as the BCH Order to quash the subpoena at issue here. The BCH Order was not published when the Government filed its Opposition, and given CHC's arguments that this court should consider and indeed follow the BCH Order to reach the same result, the Government should not be robbed of an opportunity to respond. *See Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000). CHC argues now that this court should not permit the Government any opportunity to present argument or materials to this court in response to the BCH Order it elected to argue and leaned heavily upon in its Reply.

"Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). "Material," for purposes of this framework, includes both new evidence and new legal arguments. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003). But a district court may choose not to rely on new material in reaching its decision. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

While courts in this circuit require "exceptional circumstances" in order to permit a surreply, the instant case presents exactly the type of circumstances that courts recognize allow for a surreply, namely the introduction of new arguments based on new authority in CHC's Reply. To be sure, the Government does not imply that CHC was belatedly trying to insert argument into its Reply that it could have

2

included in its Motion, given that the new authority relied upon by CHC in its Reply was not available until after it filed the Motion. However, in choosing to introduce and rely on that new authority, and indeed centering its leading two arguments in its Reply around that new authority, it created the need for the Government to address that new authority and arguments built on it. CHC, however, contends that the Government should not be allowed to respond to the newly published order, even to seek permission of this Court to present arguments related to the BCH Order or otherwise make this Court aware of ongoing litigation in that case.

In its Opposition, the authorities CHC cites for its contention that "the Federal Rules of Civil Procedure and District of Colorado's Local Rules do not permit the proposed surreply" (CHC Opposition Dkt. 20 at 2) are unavailing. CHC first cites *Well Master Corp. v. Flowco Prod. Sols.*, LLC, No. 21-CV-02145-CMA-KAS, 2023 WL 6808140, at *1 (D. Colo. Oct. 16, 2023). But *Well Master* dealt with patent claim construction briefing and disagreements over annotated patent drawings. *Well Master* acknowledged *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (explaining that denying sur-reply in such circumstances "robs the [non-movant] of the opportunity to demonstrate that the record does not support [the movant's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result.") when finding that characterizations contained in the reply briefing of drawings that were part of the patents at issue were not new material. *Well Master* also specifically noted the lack of any "unfair

3

surprise." *Well Master* at *3. Here, CHC argues that it alone should be able to rely on the recent BCH Order to advance its position, but that the Government should be afforded no commensurate opportunity to respond. This is contrary to *Stump* and not supported by *Well Master* because the BCH Order—unlike the drawing characterizations in *Well Master*—and arguments advanced by CHC based on it all post-dated the Government's opposition briefing, such that the Government has had no opportunity to address them; leave should therefore be given for a surreply. *See Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("When a moving party advances in a reply new reasons and evidence in support of its motion . . . the nonmoving party should be granted an opportunity to respond").

CHC's later reliance on *Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305 (D. Colo. 2005), *Stransky v. HealthONE of Denver, Inc.*, No. 11-CV-02888-WJM-MJW, 2012 WL 6548108, and *Hooks v. Ward*, 184 F.3d 1206 to suggest that the Government has improperly "circumvented the rules" (CHC Opposition Dkt. 20 at 9) is equally misplaced. In *Vaughn*, a surreply and supplement were docketed in the first instance without obtaining leave of the court to do so. 367 F. Supp. 2d at 1315 n.2. Similarly, in *Stransky*, the Court struck supplemental filings that were made without leave of the court. 2012 WL 6548108. And *Hooks* involved the raising of arguments that could have been raised earlier in the briefing. *Hooks*, 184 F.3d at 1233 n.25. None of those cases apply here, where the Government has properly

4

sought leave of this Court to file its surreply to address arguments raised in a Reply based on a new order published after the Government filed its prior briefing.

CHC additionally appears to take issue with the fact that the Government's positions advanced in the proposed surreply mirror those made in its Rule 59(e) Motion in Massachusetts regarding the BCH Order[1]. CHC Opposition Dkt. 20 at 7-8. But the United States simply taking a consistent position with respect to its investigation is unremarkable and unsurprising. The Rule 59(e) Motion sets forth reasons why the BCH Order should be altered and includes a substantial declaration describing the Government's investigation. Consistent with that, the Government here seeks leave to file a surreply containing the same responses in light of CHC's reliance on the BCH Order in its Reply. Nothing about that is "an improper attempt to manipulate the orderly process of motion practice to gain an unfair advantage." (CHC Opposition Dkt. 20 at 8). The Government has availed itself of the appropriate mechanisms for seeking permission from this Court to consider its proposed responses to the BCH Order and has furnished the Court with the materials it wishes the Court to consider.

CHC next argues that the proposed surreply is an improper "end-run around the government's response deadline" and "an improper attempt to exceed the government's page limit." CHC Opposition Dkt. 20 at 5–6. But these arguments are

---

[1] *See* CHC Opposition, Dkt. 20 Ex. 2 ("the Rule 59(e) Motion")

unavailing because CHC's arguments relying on the BCH Order were not available when the Government submitted its earlier Opposition. If anything, they simply underscore why courts recognize that this scenario is one in which it is proper for a party to seek leave of the court to file a surreply, which is exactly what the Government has done here.

CHC lastly argues in its Opposition that the Government's request should be denied because the Government did not comply with Local Rule formatting requirements. CHC Opposition Dkt. 20 at 7. The Government certainly did not intend to run afoul of Local Rule 10.1(c) and will ensure that all future filings comport with it. A court has "inherent power to manage its docket" and may elect to consider a "motion on its merits, even if a Court could have stricken it." *United States v. Stewart*, 2024 U.S. Dist. LEXIS 76903, *7. This is so even if a motion inadvertently fails in some respect to comport with applicable formatting standards. *Id.* (considering motion on its merits that did not comply with a judge's practice standard.).

**CONCLUSION**

Because CHC's September 12, 2025 Reply includes arguments based on and citations to a newly published opinion that was not part of the original Motion to Quash and was published after the Government submitted its Opposition, the Court

should grant the United States's leave to respond via a surreply.

No portion of this filing was drafted using artificial intelligence.

Dated this 31st day of October 2025.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

BRETT SHUMATE
Assistant Attorney General
JORDAN C. CAMPBELL
Deputy Assistant Attorney General
SARMAD KHOJASTEH
Senior Counsel
Civil Division
LISA HSIAO
Acting Director

ROSS S. GOLDSTEIN
PATRICK RUNKLE
Assistant Directors
 /s/ Scott B. Dahlquist
**Scott B. Dahlquist**
Trial Attorney

United States Department of Justice
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044

Tel: 202-532-4602
Fax: 202-514-8742
scott.b.dahlquist@usdoj.gov

*Attorneys for the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2025, filed the foregoing with the Clerk of Court using the CM/ECF system, and separately emailed to counsel for Children's Hospital Colorado at:

>Elliot R. Peters
>epeters@keker.com
>
>Cody Gray
>cgray@keker.com
>
>Katherine S. Folly
>kfolly@keker.com
>
>Aseem Mehta
>amehta@keker.com
>
>KEKER, VAN NEST & PETERS LLP
>633 Battery Street
>San Francisco, CA 94111-1809
>Telephone: 415-391-5400
>Facsimile: 415-397-7188.

Dated this 31st day of October 2025.

       /s/ *Scott B. Dahlquist*
       Scott B. Dahlquist