IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 25-mc-00063-SKC-CYC

In Re: Department of Justice Administrative Subpoena No. 25-1431-030.

___

**ORDER**
___

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Children's Hospital Colorado moves to restrict this proceeding — including all previous and future filings — citing a need to protect its patients' and employees' privacy and to ensure the safety of its facilities, patients, and personnel. ECF No. 2. To be sure, the petitioner demonstrates fear and anxiety over the subpoena at the heart of this case. It also points out violence and threats that have historically targeted hospitals providing gender-affirming care. But it does not show how adjudicating this case publicly, rather than under restriction, threatens additional, concrete harm so as to overcome the strong presumption of public access to judicial records. Its motion to restrict, ECF No. 2, is therefore **DENIED**.

On July 14, 2025, the government served the petitioner with an administrative subpoena seeking a plethora of information relating to the petitioner's provision of gender-affirming care. ECF No. 1-3 ¶ 3; ECF No. 1-4. Some three weeks later, the petitioner initiated this action, seeking to quash the subpoena. ECF No. 1. This motion followed that same day. ECF No. 2.

"The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). As a result, there is a presumption in favor of public access to judicial records. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir.

2020). "The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). In line with these principles, the Local Rules of this District provide that "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a).

The presumption of public-access is not absolute; where "countervailing interests heavily outweigh the public interests in access," it may be overcome. *Bacon*, 950 F.3d at 1293 (quotation marks omitted). "Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (internal quotation marks and modifications omitted). In this District, a motion requesting restriction from public access must describe: (1) the document or the proceeding for which restriction is sought; (2) the legitimate private or public interests that warrant the relief sought and explain why such interest outweighs the presumption of public access; (3) the clearly defined and serious injury that would result if the relief sought is not granted; (4) why a less restrictive alternative to the relief sought is not available; and (5) the level of restriction sought. D.C.COLO.LCivR 7.2(c). The burden is on the party seeking to restrict access "to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Bacon*, 950 F.3d at 1293 (quoting *United States v. Pickard*, 733 F.3d 1297, 1303 (10th Cir. 2013)).

The petitioner fails to carry that burden. It first asserts that restriction is necessary to protect its patients' and providers' privacy. ECF No. 2 at 9–11. Of course, "the privacy interest

inherent in personal medical information can overcome the presumption of public access." *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015). And any filing containing sensitive personal information of any patient or personnel could be restricted pursuant to D.C.COLO.LCivR 7.2(c). But the docket in this case does not contain such information; the government seeks to obtain that information for itself, not for posting on the public docket. It is unclear, then, how restriction advances the goal of patient or personnel privacy.

The petitioner pivots, arguing that public access will harm the well-being of its patients. ECF No. 2 at 10–11. Its patients, the petitioner says, suffer panic about the potential release of their records to the government and have foregone treatment based on the subpoena's existence. *Id.* But, as the petitioner concedes, "[t]his is happening already." *Id.* at 11. After all, the subpoena's existence is no secret: the petitioner notified its patients and personnel of the subpoena. ECF No. 1-15 ¶ 27; ECF No. 2 at 10. Moreover, "it is already public knowledge that" the petitioner, one of the top ten pediatric hospitals in the United States, "provides" gender-affirming care "services," *In re Admin. Subpoena No. 25-1431-019*, --- F. Supp. 3d ----, 2025 WL 2607784, at *3 (D. Mass. Sept. 9, 2025); *see* ECF No. 1-15 ¶¶ 5, 16, and "[t]he Government has also made public its intent to investigate" such care. *In re Admin. Subpoena No. 25-1431-019*, 2025 WL 2607784, at *3. Thus, while it may seem counterintuitive "that the Government should . . . benefit from its own role in letting the cat out of the bag . . . the bag has, nevertheless, been opened." *Id.* (citing *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012)); *see QueerDoc, PLLC v. U.S. Dep't of Just.*, --- F. Supp. 3d ----, 2025 WL 3013568, at *4 (W.D. Wash. Oct. 27, 2025). Although the petitioner surmises that unrestricting this case would exacerbate its patients' anxiety, ECF No. 2 at 12, it never explains its basis for that conclusion, and "a speculative, vague assertion, without any identification of a *real,*

3

*concrete* harm that *will* result absent restriction, does not pass Local Rule 7.2(c) muster." *Albrandt v. State Farm Fire & Cas. Co.*, No. 20-CV-01926-RM-NYW, 2021 WL 5068020, at *3 (D. Colo. Sept. 23, 2021) (collecting cases).

Finally, the petitioner contends that restriction is required to protect the safety of its facilities, patients, and personnel. ECF No. 2 at 12. To be sure, the petitioner presents a concerning record of violence and threats against clinics providing gender-affirming care. *Id.* at 13–14. But it fails to illustrate why public access to this case would prompt a recurrence of such violence. Indeed, while it offers a single sentence averring that disclosure of these proceedings would do so, *id.* at 13, it cites a portion of a declaration that makes no such assertion. *See* ECF No. 1-15 ¶ 35. Nor is this a case where a cooperator's identity is at stake, *United States v. C.D.*, 848 F.3d 1286 (10th Cir. 2017), or the contact information for a crime victim, *Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 n.5 (3d Cir. Feb. 1, 2024), such that public disclosure of identifying information would pose a danger to the litigants.

The short of it is that the petitioner's public-access "concerns rest on 'hypothesis or conjecture' rather than specific facts showing how public access to this litigation—as opposed to the investigation itself—would cause harm." *QueerDoc*, 2025 WL 3013568, at *3 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). That will not do.

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Restrict, ECF No. 2, is **DENIED**. Once this Order becomes effective, the Clerk is **ORDERED** to unrestrict all filings in this case.

DATED this 17th day of November, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge