## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: Department of Justice Administrative Subpoena No. 25-1431-030 | Civil Action No. 25-mc-00063-SKC-CYC |

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF PETITIONER'S MOTION TO QUASH

Proposed Amici Curiae, the States of Colorado, Massachusetts, California, Connecticut, Delaware, District of Columbia, Hawaiʻi, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Washington, and Wisconsin (the "Amici States") seek leave to file an amicus brief in support of Petitioner's Motion to Quash Department of Justice Administrative Subpoena No. 25-1431-030. ECF No. 1. In support of the motion, the Amici States assert the following:

1.      The Amici States are sovereign states with an interest in the regulation of the practice of medicine within their own borders. This includes the provision of medically necessary gender-affirming care for youth under the age of 19. Many Amici States have passed laws protecting or guaranteeing such care, and the actions of Respondent run contrary to the Amici States' interests in protecting their residents and upholding their laws.

1

2.    The Amici States support Petitioner's Motion to Quash because the Amici States, their medical institutions, medical providers, and their transgender residents will all be harmed if the Respondent is permitted to harass and improperly investigate medical providers with the express intent of eliminating medically necessary gender-affirming care. Further, the expansive and unprecedented theory of liability posed by Respondent under the Food Drug and Cosmetic Act ("FDCA") could subject research and medical institutions in Amici States to considerable consequences.

3.    The purpose of an amicus brief is "to serve the court." *Straw v. Utah*, No. 23-4036, 2023 WL 4197651, at *5 (10th Cir. 2023). A court has "broad discretion" to decide whether to permit amicus briefing, *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021), and it should consider whether the proposed brief offers "utility [to the court] in helping to resolve the issues before it." *Id*. In exercising the court's discretion, the most important factor is "the usefulness of the information and argument presented[.]"*Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020).

4.    The proposed brief will assist the Court in its consideration of the pending motion because the brief speaks to the harms that Respondent's improper investigations will inflict on the Amici States and their residents. Many Amici States have sought to enjoin the unlawful and improper campaign by the DOJ to

intimate providers of gender-affirming care to abandon their patients. *See, e.g.*, *Washington v. Trump*, 2:25-cv-0244 (W.D. Wash.) (Feb. 19, 2025) (noting impacts to provision of gender-affirming care in Colorado and elsewhere as a result of recent actions of the present Administration); *Massachusetts v. Trump*, 25-cv-12162 (D. Mass.) (Aug. 1, 2025).

5.      Respondent has filed for leave to submit a surreply, which presents additional FDCA-premised arguments and declaratory support. ECF No. 18. That motion remains pending, and Amici States agree with Petitioner that the proposed surreply is procedurally improper and untimely. *See* ECF No. 20 (Children's Hospital Opp.). Nevertheless, in the interest of judicial economy and to avoid seeking leave to file multiple amicus briefs, Sections II.B and II.C (pages 14-25) of the proposed amicus brief respond to the untimely arguments raised in the proposed surreply, including Respondent's erroneous and harmful interpretation of the FDCA. Should the Court deny leave for the surreply, it can disregard these sections of the amicus brief.

6.      Amici States seek leave to file a 25-page amicus brief, which is 10 pages beyond the traditional page limitation. *See* SKC Practice Standard 10.1(c)(5). Good cause exists to support the requested page extension due to the complexity and import of the issues involved, as well as to address the extensive briefing to date.

7.      Amici States have conferred with counsel for Petitioner and for Respondent, and neither oppose Amici States' request to file a 25-page amicus brief.

8.     Accordingly, the Amici States respectfully request an order granting leave to file a 25-page amicus brief. A proposed order and a copy of Amici States' proposed brief are attached to this filing.

Dated: December 4, 2025                    Respectfully submitted,

                                           **PHILIP J. WEISER**
                                           Attorney General of Colorado

                                           By: /s/ *Sarah H. Weiss*
                                           Sarah H. Weiss
                                           *Senior Assistant Attorney General*
                                           1300 Broadway, 10th Floor
                                           Denver, CO 80203
                                           (720) 508-6000
                                           Sarah.Weiss@coag.gov

                                           *Counsel for Amici State of Colorado*