IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Misc. No. 25-mc-00063-SKC-CYC

In re: Department of Justice Administrative Subpoena No. 25-1431-030

---

## MINUTE ORDER

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on January 5, 2026.**

The government moves to file a surreply, based on petitioner Children's Hospital Colorado's citation of *In Re: Admin. Subpoena No. 25-1431-019*, --- F. Supp. 3d ----, 2025 WL 2607784 (D. Mass. Sept. 9, 2025), in its Reply. ECF No. 18. The law requires leave of court for a surreply and generally permits one only when a reply includes new material. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "Yet, 'citing new cases to support legal theories already raised in a . . . motion is permissible and does not warrant a surreply.'" *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-CV-0808 KG-SMV, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020) (quoting *Carter v. Spirit AeroSystems, Inc.*, No. 16-01350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019)).

So it is here: none of the citations of the District of Massachusetts's decision raise new arguments. There are five citations to that decision. The first simply indicates that the District of Massachusetts agreed with the petitioner's argument that the subpoena at issue here lacked a proper purpose. ECF No. 16 at 1; *compare* ECF No. 1 at 10 ("The Subpoena lacks a legitimate purpose."). The second reiterates the petitioner's argument that the subpoena constitutes a fishing expedition. ECF No. 16 at 3; *compare* ECF No. 1 at 9 (arguing that the subpoena is "the type of 'general purpose' investigation that is impermissible and citing case indicating that allowing "fishing expedition" would violate Fourth Amendment). The third simply responds to the government's argument in its response that ending gender-affirming care in Colorado would be proper. ECF No. 16 at 5. And the fourth and fifth reiterate the petitioner's argument that the subpoena lacks a proper purpose. *Id.*; *compare* ECF No. 1 at 10.

In short, the petitioner's Reply cited a new case, but it did not raise new arguments such that it contained new material warranting a surreply. For these reasons, the United States's Motion for Leave to File Surreply, ECF No. 18, is **DENIED**.